PER CURIAM.
The defendant, Wendall Cox, was on probation and made incriminating admissions during a meeting with his probation officer. Based on those admissions, he was arrested and charged with one count of sexual battery on a minor and three counts of lewd and lascivious assault on a minor. The trial court admitted the statements made by the defendant to his probation officer despite the fact that the defendant was not advised of his rights as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). After a jury trial, the defendant was convicted as charged. He appeals contending that the trial court should have suppressed the testimony concerning his confession on the ground that it was obtained in violation of his constitutional rights.
Based on the authority of Minnesota v. Murphy, 465 U.S. 420, 104 S.Ct. 1136, 79 L.Ed.2d 409 (probationer’s disclosures were not compelled incriminations since he made the revelations instead of asserting his Fifth Amendment privilege and remaining silent), reh’g denied, 466 U.S. 945, 104 S.Ct. 1932, 80 L.Ed.2d 477 (1984), we find that the trial court properly denied the motion *809 to suppress Cox’s confession. Accordingly, the defendant’s conviction is affirmed.